**UNITED STATES DISTRICT COURT**　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 1:18-CR-20 |
| | § | |
| WILLIE LAMPLEY (1) | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant Willie Lampley's ("Lampley") *pro se* Expedited Application for Writ of Error (#95), Motion to Set the Docket for Hearing of the Writ of Error (#96), and Motion to Transfer Records & Court Transcripts & Exhibits (#97). Having considered the pending motions, the record, and the applicable law, the court is of the opinion that the motions should be denied.

I.　　Background

Lampley is currently serving a 210-month term of imprisonment, which was imposed after a jury convicted him of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(b)(2). On July 9, 2019, the United States Court of Appeals for the Fifth Circuit affirmed Lampley's conviction and sentence. *See United States v. Lampley*, 781 F. App'x 282 (5th Cir. 2019) (unpublished). Lampley's § 2255 petition to vacate, set aside, or correct sentence is currently pending before this court. *See Lampley v. United States*, No. 1:19-cv-622-MAC-KFG (E.D. Tex.).

In the instant motions, Lampley seeks immediate release, dismissal of the Indictment, and back-pay for the time he has spent in federal custody. Lampley avers that the court never obtained personal jurisdiction over him and, therefore, his conviction and sentence must be vacated. Lampley contends that the court lacked, and presumably still lacks, personal jurisdiction over him

because the United States circumvented Rule 3 of the Federal Rules of Criminal Procedure by obtaining a warrant without filing a verified criminal complaint and having a magistrate judge make a finding of probable cause in support of the complaint.   Additionally, Lampley contends that the United States lacks standing to bring the charges against him because it failed to file a claim of injury-in-fact and does not meet the definition of a "victim" set forth in 18 U.S.C. § 3771.

II.   Analysis

A motion challenging the court's jurisdiction "may be made at any time while the case is pending." FED. R. CRIM. P. 12(b)(2).   Nevertheless, a post-conviction motion to dismiss an indictment based on a jurisdictional defect is "in essence, 'a meaningless, unauthorized motion' which the district court [is] without jurisdiction to entertain." *United States v. Perez*, 611 F. App'x 210, 211 (5th Cir. 2015) (quoting *United States v. Early*, 27 F.3d 140, 142 (5th Cir.), *cert. denied*, 513 U.S. 1027 (1994)); *see United States v. Robinson*, 667 F. App'x 435 (5th Cir. 2016) (table opinion); *United States v. Lawson*, 83 F. App'x 619 (5th Cir. 2003) (table opinion); *United States v. Miles*, 48 F. App'x 104 (5th Cir. 2002) (table opinion).   Here, Lampley was found guilty on August 22, 2018, and was sentenced on December 12, 2018.   His conviction and sentence were affirmed by the Fifth Circuit on July 9, 2019, and he did not seek a writ of certiorari from the Supreme Court of the United States.   Therefore, Lampley's criminal case is no longer pending, and the court lacks jurisdiction to consider Lampley's motion. *See United States v. Crawford*, 275 F.3d 1079, at *1 (5th Cir. 2001) (conference calendar opinion) (upholding dismissal of motion to dismiss for lack of jurisdiction after defendant had been convicted and his conviction affirmed on appeal "because the criminal proceedings were no longer pending" and the "motion was unauthorized and without a jurisdictional basis").

Moreover, even if the court had jurisdiction to entertain his motions, they are completely meritless.  "Federal district courts have exclusive and original jurisdiction over all federal crimes. That jurisdiction is invoked by an indictment charging a defendant with violating federal law." *United States v. Romans*, 823 F.3d 299, 315 (5th Cir. 2016) (citing 18 U.S.C. § 3231; *United States v. Isgar*, 739 F.3d 829, 839 (5th Cir. 2014)).  The grand jury's return of an indictment against Lampley on March 7, 2018, cured any purported failure to comply with Rule 3 of the Federal Rules of Criminal Procedure because it obviated any need for a criminal complaint, as it established probable cause as a matter of law.  *See Kaley v. United States*, 571 U.S. 320, 328 (2014); *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 442 (5th Cir. 2015).  The indictment also supported the issuance of a warrant for Lampley's arrest on March 8, 2018.  *Kaley*, 571 U.S. at 329 ("If the person charged is not yet in custody, an indictment triggers 'issuance of an arrest warrant without further inquiry' into the case's strength." (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975))); *Harris v. Payne*, 254 F. App'x 410, 415-16 (5th Cir. 2007) ("A warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged." (quoting *Giordenello v. United States*, 357 U.S. 480, 487 (1958))); *Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972) ("[T]he grand jury indictment of Denton following his arrest remedied any defect in the complaint and arrest warrant.").

Lampley's standing argument also misses the mark.  The cases upon which Lampley relies are civil in nature.  The executive branch of the federal government has the exclusive jurisdiction to commence criminal charges.  *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another."); *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280 (5th Cir. 1990) (private citizens lack the authority to decide whether or not to pursue criminal charges).  "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 580 (1992) (Kennedy, J., concurring).  In the context of criminal prosecutions, Congress has done so by authorizing the United States Attorney, within each judicial district, to "prosecute for all offenses against the United States."  28 U.S.C. § 547(1).  An injury to the Government's sovereignty arising from the violation of its laws "suffices to support a criminal lawsuit by the Government." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000).  Here, Counts One and Two of the Indictment contain sufficient allegations that Lampley violated the laws of the United States to invoke this court's jurisdiction, and the jury found that he was guilty of these offenses.  Therefore, Lampley's standing argument is specious.

Finally, Lampley's argument based on 18 U.S.C. §3771 is patently frivolous.  "Section § 3771 specifically provides that '[a] person accused of the crime may not obtain any form of relief under this chapter.'" *United States v. West*, 370 F. App'x 505, 507 (5th Cir. 2010) (quoting 18 U.S.C. § 3771(d)(1)).

III.    Conclusion

Consistent with the foregoing analysis, Lampley's Expedited Application for Writ of Error (#95), Motion to Set the Docket for Hearing of the Writ of Error (#96), and Motion to Transfer Records & Court Transcripts & Exhibits (#97) are DENIED.

SIGNED at Beaumont, Texas, this 16th day of July, 2020.

_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE