IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER 1:18-CR-20-MAC |
| | § | |
| | § | |
| | § | |
| | § | |
| WILLIE LAMPLEY | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the court is the Defendant's *Pro Se* Motion to Recall Securities (doc. #122). Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, and a specific referral order (doc. #125), this motion is before the undersigned United States magistrate judge.

### Background

Lampley is currently serving a 210-month term of imprisonment, which was imposed after a jury convicted him of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(b)(2). Lampley was found guilty on August 22, 2018, and sentenced on December 20, 2018. His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on July 31, 2019. Moreover, on December 9, 2019, Lampley filed a petition to vacate, set aside, or correct judgment, pursuant to 28 U.S.C. § 2255, which was denied. *See Lampley v. United States*, No. 1:19-cv-00622-MAC-KGF-1 (E.D. Tex. 2019). Lampley filed a second petition to vacate on December 20, 2024, which was denied as successive. *See Lampley v. United States*, No. 1:24-cv-520 (E.D. Tex. 2024).

1

Lampley previously filed a post-conviction motion with the court making a similar request as presented in the current motion but asked for the recall of bonds. (Doc. #117.) The undersigned denied that motion as nonsensical.

## Discussion

Lampley's current letter to the court requests a recall of all securities derived in his court case and procured by fraud through the Court Registry Investment System (CRIS). (Doc. #122.) He alleges that the court is making money through convictions, and he demands the release of the proceeds along with his immediate release. (*Id.*)

The court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). It is unclear, but Lampley seems to be referencing his obligation to pay restitution in this case in the amount of $18,000.00 to four victims. (Doc. #69, at 3, 7.) He also made a similar argument regarding the imposition of restitution in his first habeas civil suit. The court stated:

> Although it is less than clear what Movant's argument is regarding restitution, any such claim is barred in a Section 2255 motion. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir.1999) "[W]e make plain today that complaints concerning restitution may not be address in § 2255 proceedings." As Movant failed to bring this claim on direct appeal, it is also procedurally barred. *Massaro v. United States*, 538 U.S. 500 (2003) (the general rule is that claims not raised on direct appeal may not be raised on collateral review unless the movant shows cause for not raising the issue on direct appeal and actual prejudice from the error).

*Lampley*, 1:19-cv-622, ECF No. 53, at 9.

In his second civil habeas case, he alleged that there was no victim in his case and the prosecution procured fraudulent victims to convict him. *See Lampley,* No. 1:24-cv-520 (E.D. Tex. 2024). This case was dismissed without prejudice for not seeking authorization to file a successive motion. *Id.*

2

Even under this most liberal construction, however, Lampley's contentions are legally and factually frivolous, lack an arguable legal basis, and are wholly baseless and unsupported. *See United States v. Warren*, 534 F. App'x 242, 243 (5th Cir. 2013) ("However, if a motion cannot be construed in such a way that relief is possible, it is a 'meaningless, unauthorized motion' properly denied by the district court."). Any challenge to the restitution ordered in his case should have been made during his appeal. As noted in his first habeas case, that claim is procedurally barred. Consequently, it is recommended that Lampley's motion to recall securities (doc. #122) should be DENIED.

## Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 5th day of May, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE