UNITED STATES DISTRICT COURT  EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:18-CR-20 |
| | § | |
| WILLIE LAMPLEY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Willie Lampley's ("Lampley") *pro se* Motion for Relief from Judgment, Pursuant to Rule 60(d)(3), Fraud on the Court (#128). Having considered the motion and the applicable law, the court is of the opinion that the motion should be denied.

Citing Rule 60 of the Federal Rules of Civil Procedure, Lampley seeks relief from his Judgment based on "Fraud on the Court." Federal Rule of Civil Procedure 60(d)(3) "allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009). Federal Rule of Civil Procedure 60 provides for relief from a *civil* judgment or order. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts . . . ." (emphasis added)); *United States v. Garcia*, 804 F. App'x 274, 275 (5th Cir. 2020) ("[C]ivil rule does not apply in criminal cases."); *United States v. Moore*, 671 F. App'x 349, 350 (5th Cir. 2016) (same). Thus, Lampley's reliance on Rule 60 is misplaced, as this is a *criminal* proceeding. *United States v. Hill*, No. 25-20042, 2025 WL 1863182, at *1 (5th Cir. July 7, 2025) ("Rule 60(d)(3) is a civil rule; it is not a vehicle for directly attacking a criminal judgment."); *United States v. Frias*, 795 F. App'x 296, 297 (5th Cir. 2020) (holding that Rule 60(d)(3) does not apply in criminal proceedings); *see also United States v. Rico*, 797 F. App'x 176, 176 (5th Cir. 2020) ("Rule 60 does not apply in criminal proceedings.") (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th

Cir. 1991)).  In short, Rule 60 does not provide relief from a criminal judgment, as sought by Lampley.  *See Hill*, 2025 WL 1863182, at *1 ("To the extent that [the defendant] sought to use Rule 60(d)(3) as a vehicle for directly attacking his amended criminal judgment, the rule did not provide a basis for such relief, and [his] motion was meaningless and unauthorized.").

Accordingly, Lampley's *pro se* Motion for Relief from Judgment, Pursuant to Rule 60(d)(3), Fraud on the Court (#128) is DENIED.

SIGNED at Beaumont, Texas, this 6th day of March, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE